THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL NIEVES BONET, Defendant and Appellant.

No. 7935. Argued January 10, 1940.—Decided January 18, 1940.

878

 

*Gilberto López de Victoria,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

From the evidence in this case the District Court of Mayagüez had the right to believe that Manuel Nieves Bonet was the owner of a grocery store and café; that he had a refrigerator wherein there were about 15 bottles of milk or perhaps a smaller number; that the Health Inspectors came into the shop, asked one of the clerks to give them a bottle of milk out of the refrigerator; that the bottle so taken in the accustomed way was examined by the Department of Health and found to be adulterated with water. The information recited that the defendant was guilty of storing, intended to be used for human consumption, adulterated cow's milk.

The District Court of Mayagüez found the defendant guilty and sentenced him to pay a fine of $25 or to suffer a day in jail for every dollar he failed to pay.

█ On appeal the brief of appellant contains no real assignment of errors, but he maintains that he had in his refrigerator, among others, a single bottle of prepared "Klim" for the use of his children, which was the bottle that the inspectors took away. As a question of fact the evidence tended to show that the examined bottle contained ordinary cow's milk that was adulterated.

We have the idea, moreover, that if a defendant prepares "Klim" in such a fashion that it is an adulterated product he is equally guilty as if he had adulterated fresh cow's milk.

█ There was also a question raised by the appellant of whether there was any showing that the milk sold was destined for human consumption, but there can be no doubt that the appellant had a grocery shop and the weight of the evidence was that milk was kept there.

When in a grocery store, and especially one which, as the evidence tended to show, was used as a café, fairly numerous bottles of milk are found in a refrigerator, such finding is a sign that the defendant intended the milk contained therein for human consumption. It might be true that the defendant prepared some of this milk for the use of his family, as he maintains, but the court was not obliged to believe that the bottle taken was any different from the rest of them.

The jurisprudence is to the effect that when milk is found in a shop, especially a café, no sale need to be proved but that the possession of a fair quantity of milk is evidence that is was intended to be used for human consumption. *People* v. *Morillo,* 50 P.R.R. 704, and cases cited.

The judgment should be affirmed.